UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO


SHERI DUSSEAU,

       Plaintiff,

v.

                                                                               Civ. No. 12-495 MV/SMV

WAL-MART STORES, INC.,
A Delaware Corporation,

       Defendant.


**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Wal-Mart Stores East, LP's Motion for Summary Judgment [Doc. 30] and Wal-Mart's Motion in Limine to Exclude Evidence of Physical Injuries [Doc. 37]. The Court, having considered the motions, briefs, relevant law, and being otherwise fully informed, finds that the Motion for Summary Judgment [Doc. 30] will be granted in part and denied in part, and the Motion in Limine [Doc. 37] will be granted.

**BACKGROUND**

On February 21, 2010, Plaintiff went shopping at the Wal-Mart Store No. 850, located at Carlisle and Menaul in Albuquerque, New Mexico. Doc. 30 at 2. Plaintiff was accompanied by her mother, father, and sister. *Id.* Plaintiff and her family first went to the bedspread aisle, and then to the picture frame aisle. *Id.* Plaintiff was walking next to her sister, while pushing a shopping cart, as she approached the end of the picture frame aisle. *Id.* As they approached the end of the aisle, another customer entered the aisle, and warned Plaintiff and her sister that the floor was wet. *Id.* Plaintiff turned to pass the warning along to her mother, and slipped in liquid on the floor. *Id.* at 3. Plaintiff fell flat on her back, with her legs straight out in front of her,

hitting her elbow on the way down.  *Id.*

Although Plaintiff had walked into the liquid and was standing in it at the time she heard the other customer's warning, Plaintiff had not noticed the liquid on the floor, nor can she now recall what the liquid looked like, or what it was.  *Id.* at 3.  Plaintiff does not know the source of the liquid, or have any information about how long the liquid was on the floor before she fell.  *Id.*  Plaintiff did not see any Wal-Mart employees in the vicinity of the liquid.  *Id.*  Nor does she remember how long she was in the store before she fell, although she believes it was less than one hour.  *Id.* at 2.

Plaintiff's sister, Roxy Welch, however, recalls that she and Plaintiff had been in the picture frame aisle for ten minutes before Plaintiff fell.  Doc. 33-1 ¶ 5.  Ms. Welch also recalls that, during those ten minutes, nothing was dropped or spilled onto the floor where Plaintiff fell.  *Id.*  A photograph demonstrates that, at the time of Plaintiff's fall, there were tracks from shopping cart wheels in the liquid on the floor.  *Id.* ¶ 3.  Another photograph demonstrates a bottle of Febreze Fabric Refresher, missing a substantial amount of liquid, on the end cap of the picture frame aisle where Plaintiff fell.  *Id.* ¶ 4.  A Wal-Mart claim form indicates that the substance on the floor where Plaintiff fell was Febreze Fabric Refresher.  Doc. 33-5.

In his Independent Medical Evaluation, presented as evidence by Plaintiff and undisputed by Defendant, Dr. Thomas Grace identified the following injuries as being caused by, aggravated by, or secondarily related to Plaintiff's fall:  right shoulder sprain; partial tear of the supraspinatus of the right shoulder with pre-existing arthritis of the acromioclavicular joint; right elbow radial head fracture; sacrococcygeal contusion; left hip strain; and cervical spine sprain/strain.  Doc. 33-7 at 2-3.  Dr. Grace identified the following conditions as being unrelated to Plaintiff's fall: symptoms compatible with degenerative disc discease and spondylosis of the cervical and lumbar

spine; symptoms suggestive of carpal tunnel syndrome and/or cervical radiculopathy; history of left shoulder rotator cuff tear, tendinopathy, and arthritis of the acromioclavicular joint.  *Id.* at 3.  Dr. Grace found that the treatment Plaintiff received to address the injuries related to her fall, including emergency assessment, transport, and emergency room visit, diagnostics, therapy and surgery for her right shoulder and elbow injury, and diagnostics and treatment of her cervical spine, were all "reasonable, necessary and related to the 02/21/10 incident."  *Id.* at 4.  Dr. Grace specifically noted that Plaintiff's treatment for all injuries related to her fall "was completed on 10/08/10, when Dr. Jeff Racca reported that her shoulder had no further pain."  *Id.*  Dr. Grace further noted that "[t]here is no mention of problems of the right elbow or right shoulder," and "no further mention of spinal issues."  *Id.*

Dr. Grace goes on to report that two years and two months after her injury, on April 6, 2012, Plaintiff was evaluated by another doctor, James Santos, MD.  *Id.*  Dr. Grace specifically notes that in his professional opinion, the problems described by Plaintiff during her April 2012 visit, namely, problems with the cervical, thoracic, and lumbar spine and both of her shoulders, were a result not of Plaintiff's fall, but rather due to an "underlying degenerative condition."  *Id.*  Dr. Grace concludes that "the diagnostics and treatment of the left shoulder, cervical and lumbar spine including MRI scans and interventional injections done two years after the incident," although "reasonably indicated," were not related "as to a probability to the 02/21/10 incident."  *Id.*  In his deposition, Plaintiff's treating physician, Dr. Jeffrey Racca, similarly testified that medical issues Plaintiff was experiencing in April 2012, namely, left shoulder pain, neck pain, numbness in wrists and hands, and lower back problems, were unrelated to her fall.  Doc. 37-2 at 10-12.  Finally, in his deposition, Dr. Santos testified that he would be unable to testify to a reasonable degree of certainty or medical probability that any of the medical issues with which

Plaintiff presented in April 2012 were a result of her fall.   Doc. 37-3.

On May 9, 2012, Plaintiff filed a Complaint for Personal Injury, alleging that her "slip and fall" was proximately caused by Defendant's negligence.   Doc. 1.   On March 12, 2013, Defendant filed its motion for summary judgment, asking for judgment as a matter of law dismissing Plaintiff's negligence claim, or in the alternative, judgment as a matter of law dismissing Plaintiff's claims for damages as they pertain to any injuries other than those sustained as a result of Plaintiff's fall.   Doc. 30.   Plaintiff filed a response in opposition on March 26, 2013, Doc. 33; Defendant's reply followed on April 9, 2013.   Doc. 34.

On July 30, 2013, Defendant filed its motion in limine, seeking to exclude at trial evidence of Plaintiff's left shoulder problems, back problems, neck problems, numbness in her hands and wrists, and bursitis in her hips.   Doc. 37.   Plaintiff filed a response in opposition on July 26, 2013, Doc. 39; Defendant's reply followed on August 14, 2013.

## DISCUSSION

I.   Defendant's Motion for Summary Judgment

  A.   Legal Standard

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."   Fed. R. Civ. P. 56(a); *Jones v. Kodak Med. Assistance Plan*, 169 F.3d 1287, 1290 (10th Cir. 1999).   "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment."   *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986).   Rather, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."   *Id*. at 248.

Initially, the moving party bears the burden of demonstrating the absence of a genuine

issue of material fact.  *See Shapolia v. Los Alamos Nat'l Lab.*, 992 F.2d 1033, 1036 (10th Cir. 1993) (citations omitted).   The moving party need not negate the nonmovant's claim, but rather must show "that there is an absence of evidence to support the nonmoving party's case."  *Celotex v. Catrett*, 477 U.S. 317, 325 (1986).   Once the moving party meets its initial burden, the nonmoving party must show that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof."  *Applied Genetics Int'l Inc. v. First Affiliated Secs., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1991) (citation omitted).   The nonmoving party cannot rely upon conclusory allegations or contentions of counsel to defeat summary judgment, *see Pueblo v. Neighborhood Health Ctrs., Inc.*, 847 F.2d 642, 649 (10th Cir. 1988), but rather must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324 (citation omitted).

Upon a motion for summary judgment, the Court "must view the facts in the light most favorable to the nonmovant and allow the nonmovant the benefit of all reasonable inferences to be drawn from the evidence."  *Kaus v. Standard Ins. Co.*, 985 F. Supp. 1277, 1281 (D. Kan. 1997), *aff'd*, 162 F.3d 1173 (10th Cir. 1998).   If there is no genuine issue of material fact in dispute, then a court must next determine whether the movant is entitled to judgment in its favor as a matter of law.  *See, e.g.*, *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir. 1996); *Celotex*, 477 U.S. at 322.

B.    The Instant Case

In her Complaint, Plaintiff asserts a claim of negligence against Defendant.   "[A] negligence claim requires the existence of a duty from a defendant to a plaintiff, breach of that duty, which is typically based upon a standard of reasonable care, and the breach being a proximate cause and cause in fact of the plaintiff's damages."  *Herrera v. Quality Pontiac*, 73

5

P.3d 181, 186 (N.M. 2003). Defendant argues that summary judgment in its favor is warranted because there is a "complete failure of proof" as to Defendant's breach of its duty to Plaintiff, an essential element of Plaintiff's negligence claim. Doc. 30 at 5. Further, Defendant argues that, even if Plaintiff's negligence claim is allowed to proceed, she should be foreclosed from seeking damages for certain injuries which the undisputed evidence demonstrates were not caused by her fall.

        1.      <u>Breach of Duty</u>

In New Mexico, the law is "well established" that a store owner is not "an insurer or guarantor of the safety of his or her business invitees." *Hallett v. Furr's, Inc.*, 378 P.2d 613, 617 (N.M. 1963). Accordingly, "[n]egligence on the part of a storekeeper or owner of business premises may not be presumed merely from the fact that an injury has been sustained by one while rightfully upon the premises." *Williamson v. Piggly Wiggly Shop Rite Foods, Inc.*, 458 P.2d 843, 844 (N.M. Ct. App. 1969). Nor will "proof of a slippery spot on a floor, standing alone, . . . support an inference that it resulted from the proprietor's negligence." *Kitts v. Shop Rite Foods*, 323 P.2d 282, 284 (N.M. 1958). Rather, plaintiff must "come forward with some positive evidence of negligence." *Guttierez v. Albertsons, Inc.*, 824 P.2d 1058, 1061 (N.M. Ct. App. 1991).

Specifically, "[i]n a slip and fall case, a business visitor must prove that an owner or occupier of the premises failed to exercise ordinary care by rendering safe an unreasonably dangerous condition on the premises known to, or discoverable upon reasonable investigation by, the owner or occupier." *Brooks v. K-Mart Corp.*, 964 P.2d 98, 540 (N.M. 1998). Thus, "it is incumbent on the plaintiff to prove that the slippery condition had existed for such a length of time that the employees in the store should, in the exercise of due care, have discovered it in time to

have remedied it."  *De Baca v. Kahn*, 161 P.2d 630, 634 (N.M. 1945).  "The permissible period of time for the discovery and removal or warning of the dangerous condition is measured by the varying circumstances of each case."  *Guttierez*, 824 P.2d at 1064.  It is generally "a question of fact for the jury, whether under all of the circumstances, a defective condition existed long enough so that it would have been discovered by an owner exercising reasonable care."  *Id.*

    Here, although Plaintiff was unable to testify regarding how or by whom the slippery spot on which she fell was created, or how long that spot had been there before she fell, in response to Defendant's motion, Plaintiff has presented evidence that the spot was created by a spill from a later abandoned bottle of Febreze, at least ten minutes prior to her fall.  Further, the photograph demonstrating cart wheel marks in the liquid constitutes "sufficient evidence to support an inference that the puddle had been in existence for some time."  *Id.* at 1062.  Accordingly, this is not a case where there is "a total absence of any evidence . . . as to how or by whom the slippery spot was created," or how long it had existed.  *See Kitts*, 323 P.2d at 284.  Sparse though it may be, the evidence is sufficient to create a question of fact for the jury, namely, whether, under all of the circumstances, the liquid was on the floor long enough so that it would have been discovered by an owner exercising reasonable care.  While Defendant correctly notes that the undisputed evidence demonstrates that Plaintiff herself did not discover the liquid on the floor despite the fact that she was standing in it, such evidence is part of the totality of the circumstances to be considered by the jury in determining whether Defendant breached its duty of care, rather than evidence on which summary judgment may be granted.

    2.    <u>Proximate Cause</u>

"A proximate cause of an injury is that which in a natural and continuous sequence unbroken by an independent intervening cause produces the injury, and without which the injury

would not have occurred." *Herrera*, 73 P.3d at 195 (quoting UJI 13-305 NMRA 2003). "Ordinarily, what constitutes the proximate cause of any injury is a question of fact." *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1023 (10th Cir. 2001). "However, the question of proximate cause becomes a question of law when the facts are undisputed and there is no evidence from which a jury could reasonably find a causal connection between the allegedly negligent act and the injury." *Id.*; *see also Klopp v. Wackenhut Corp.*, 824 P.2d 293 (N.M. 1992) (stating that it is only when "reasonable minds may differ" that proximate cause is an issue to be decided by the jury).

Here, Plaintiff has presented no evidence from which a jury could reasonably find a causal connection between her fall and the injuries with which she first presented in April of 2012. Dr. Grace finds in his report that Plaintiff's medical issues in April 2012, and the treatments she received for those issues at that time, were the result not of Plaintiff's fall, but rather of an underlying degenerative condition. Similarly, Plaintiff's treating physician, Dr. Racca, testified that the left shoulder pain, neck pain, numbness in wrists and hands, and lower back problems with which she presented in April 2012 were unrelated to her fall. Further, Dr. Santos testified that he did not have any basis to testify that any of Plaintiff's 2012 medical issues were related to her fall.

Nor has Plaintiff presented any evidence from which a jury could reasonably find a causal connection between her fall and any injuries continuing after October 8, 2010. Dr. Grace finds in his report that Plaintiff's treatment for all injuries related to her fall was completed on October 8, 2010. At that time, Dr. Racca reported that Plaintiff's shoulder had no further pain, and thereafter, there was no mention of right elbow or shoulder problems, or spinal issues.

The undisputed evidence submitted by Plaintiff establishes that the injuries caused by, aggravated by, or secondarily related to her fall are limited to right shoulder sprain; partial tear of the supraspinatus of the right shoulder; right elbow radial head fracture; sacrococcygeal contusion;

left hip strain; and cervical spine sprain/strain.   Further, the undisputed evidence establishes that Plaintiff's treatment for all such injuries related to her fall was completed on October 8, 2010.  Accordingly, the Court finds, as a matter of law, that proximate cause is lacking as to any injury other than the injuries identified by Dr. Grace in his report as being related to Plaintiff's fall, and for which Plaintiff's treatment concluded on October 8, 2010.   Plaintiff thus may not pursue damages arising from any such other injury.

II.     Defendant's Motion in Limine

Defendant seeks to exclude at trial evidence of Plaintiff's medical conditions that are causally unrelated to her fall.   As discussed above, the Court has determined as a matter of law that the element of causation is missing as to any claim of damages arising from injury other than the injuries identified by Dr. Grace in his report as being related to Plaintiff's fall, and for which Plaintiff's treatment concluded on October 8, 2010.   Accordingly, evidence of such other injury would be irrelevant at trial and, under Rule 402 of the Federal Rules of Evidence, inadmissible.  The Court thus will exclude at trial evidence of any injury other than the injuries identified by Dr. Grace as being related to Plaintiff's fall, and for which Plaintiff's treatment concluded on October 8, 2010.

## **CONCLUSION**

There is evidence in the record sufficient to create a question of fact for the jury as to whether, under all of the circumstances, the liquid in which Plaintiff slipped and fell was on the floor long enough so that it would have been discovered by an owner exercising reasonable care.  Accordingly, summary judgment in favor of Defendant on Plaintiff's negligence claim is not warranted.   As a matter of law, proximate cause is lacking as to any injury other than the injuries identified by Dr. Grace in his report as being related to Plaintiff's fall, and for which Plaintiff's

treatment concluded on October 8, 2010. Accordingly, summary judgment in favor of Defendant on Plaintiff's claims for damages arising out of any such other injury is warranted. Further, because evidence of any such other injury would be irrelevant at trial and, under Rule 402 of the Federal Rules of Evidence, inadmissible, evidence of any such other injury will be excluded.

**IT IS THEREFORE ORDERED** that Wal-Mart Stores East, LP's Motion for Summary Judgment [Doc. 30] is granted in part and denied in part, as follows: (1) summary judgment in favor of Defendant is denied as to Plaintiff's negligence claim; (2) summary judgment in favor of Defendant is granted as to any claims by Plaintiff for damages arising from any injury other than the injuries identified by Dr. Grace in his report as being related to Plaintiff's fall, and for which Plaintiff's treatment concluded on October 8, 2010.

**IT IS THEREFORE FURTHER ORDERED** that Wal-Mart's Motion in Limine to Exclude Evidence of Physical Injuries [Doc. 37] is granted, as follows: the Court will exclude at trial evidence of any injury other than the injuries identified by Dr. Grace in his report as being related to Plaintiff's fall, and for which Plaintiff's treatment concluded on October 8, 2010.

DATED this 14th day of February, 2014.

_____
MARTHA VÁZQUEZ
United States District Judge